# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BIRD, | Case No. 1:16-cv-00755-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | (Doc. 19) |
| Defendant. | |

Before the Court is a "Motion for Attorney's Fees and Expenses under the Equal Access to Justice Act" (the "Motion") filed by Plaintiff Joseph Bird ("Plaintiff") on November 3, 2017. (Doc. 19.) For the reasons set forth below, the Court GRANTS this Motion.

## I. BACKGROUND

Plaintiff filed this action on May 31, 2016, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (*See generally* Doc. 1.) On August 4, 2017, the Court issued an order reversing the final decision of the Administrative Law Judge ("ALJ") and remanding the matter for further administrative proceedings. (*See* Doc. 17.)

On November 3, 2017, Plaintiff filed this Motion, seeking an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,355.01.[1] (*See*

---
[1] While Plaintiff indicates on page 3 of the Motion that he seeks $5,446.86 in total fees (including an amount for 31 hours in attorney time) (Doc. 19 at 3), it appears from the balance of the Motion—including the billing statement—

*id.* at 1; Doc. 19-1 at 1 (seeking an award of $5,355.01 in total fees (27.55 hours in attorney time) and $6.13 in costs).) On November 6, 2017, the Commissioner of Social Security (the "Commissioner" or "Defendant") filed a "Statement of Non-Opposition," indicating that "[t]he Commissioner . . . has no opposition to Plaintiff's fee request." (Doc. 20 at 1.) Plaintiff's Motion is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are

---

that the correct amount sought is $5,355.01 (including an amount for 27.55 hours in attorney time) (*Id*. at 1, 7-8; Doc. 19-1).

2

awarded." *Gutierrez*, 274 F.3d at 1257.

## III. DISCUSSION

There is no dispute that Plaintiff is the prevailing party in this litigation, as the Court remanded the matter to the ALJ for further proceedings. (*See* Doc. 17 at 19); *see also Gutierrez*, 274 F.3d at 1257. Moreover, the Court finds that Plaintiff did not unduly delay this litigation, and that Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court further finds, as set forth below, that the Commissioner's position was not substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action").

**A. The Commissioner's Position was Not Substantially Justified.**

Plaintiff asserts, and the Commissioner does not contest, that the Commissioner's underlying administrative decision was not substantially justified. (Doc. 19 at 6-7; Doc. 20.) Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870.

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the Commissioner's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified

3

requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, as detailed in the Court's prior order, the ALJ committed legal error by failing to adequately explain how he determined the particular limitations in Plaintiff's residual functional capacity ("RFC") assessment.[2] (*See* Doc. 17 at 14-17.) An ALJ's failure to adequately explain his determination of the particular limitations in a claimant's RFC is the type of fundamental agency error that is difficult to consider substantially justified. *See, e.g.*, *Allen v. Colvin*, No. 2:14-cv-00210-AC, 2014 WL 6901870, at *1-2 (E.D. Cal. Dec. 5, 2014) (finding the ALJ's error "in determining plaintiff's physical limitations when assessing plaintiff's residual functional capacity" was not substantially justified); *Haislip v. Colvin*, No. 1:12-cv-00964 GSA, 2014 WL 184, at *2 (E.D. Cal. May 8, 2014) (finding that the ALJ's "fail[ure] to properly evaluate the medical evidence and fully incorporate all of the combined limitations [in the plaintiff's RFC] into the hypotheticals posed" was not substantially justified).

Moreover, the Commissioner's decision to not oppose Plaintiff's fee request (Doc. 20) is tantamount to a concession that the Commissioner's position was not substantially justified. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) ("[W]e do not generally favor requiring judges in fee application proceedings to search out and research arguments that the other side does not make or *sua sponte* to initiate an opposition to a fee request where none is offered by the party affected, at least in the absence of a showing of injustice or hardship . . . It is well-within our discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified.") (citations omitted).

As the ALJ's underlying decision was not substantially justified, the Court need not address whether, under the second part of the substantial justification test, the Commissioner's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer*, 518 F.3d at 1071). The Court therefore finds that Plaintiff is entitled to an award of fees and costs pursuant to the EAJA.

**B.      Plaintiff's Requested Attorney's Fees and Costs are Reasonable.**

Plaintiff seeks a total award of $5,355.01, comprised of 27.55 hours of attorney time and

---

[2] In particular, "in making his RFC findings, the ALJ merely described the medical evidence and then stated conclusions, without explaining how he arrived at his conclusions or what evidence supports his conclusions," and the ALJ's RFC findings then served as a basis for testimony given by the vocational expert. (Doc. 17 at 16-17.)

$6.13 in costs. (Doc. 19 at 1; Doc. 19-1 at 1.) The Commissioner "has no opposition to Plaintiff's fee request." (Doc. 20.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[3] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Here, Plaintiff's attorney obtained a positive outcome for Plaintiff in that the Court remanded the matter for further administrative proceedings. (*See* Doc. 19 at 3-4; *see also generally* Doc. 17.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. Nor is there any evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

The total requested award amount of $5,355.01 is reasonable. Plaintiff requests an hourly rate of $192.68 for attorney work performed in 2016 and an hourly rate of $195.95 for attorney performed in 2017, both of which are consistent with the statutory maximum rates set forth by the Ninth Circuit. *See supra* note 3. Moreover, the claimed total of 27.55 attorney hours represents a reasonable amount of time for an attorney to expend on this particular matter. *See, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified). In particular, such hours expended are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to

---

[3] Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

5

the time devoted to similar tasks by counsel in like Social Security appeals before this court. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Plaintiff is therefore awarded EAJA fees for 27.55 total attorney hours for time spent on the litigation and costs in the amount of $6.13, for a total EAJA award in the amount of $5,355.01.

## IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees and expenses is GRANTED in the amount of $5,355.01.

IT IS SO ORDERED.

Dated:  **December 24, 2017**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE